# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff* | § § | Case No. 4:24-cv-1159 |
| V. | § § | |
| SHARNJEET K. SAGOO, | § § | |
| *Defendant.* | § § | |

## DEFENDANT SHARNJEET K. SAGOO'S ORIGINAL ANSWER

Defendant Sharnjeet K. Sagoo ("Defendant" or "Ms. Sagoo") hereby answers Plaintiff's, the United States of America, Complaint (the "Complaint") as follows:

1. Defendant admits that Plaintiff is seeking the relief set out in this paragraph. Defendant denies any and all other allegations contained in this paragraph.

2. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegation that this action has been requested and authorized by the Internal Revenue Service ("I.R.S."), a delegate of the Secretary of the Treasury, and commences at the direction of a delegate of the Attorney General of the United States under 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C).

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

## BACKGROUND

### *Regulatory Background Regarding the Duty to Report Relations with Foreign Financial Institutions*

5. This paragraph contains a statement of law and does not require a response.

6. This paragraph contains a statement of law and does not require a response.

7. This paragraph contains a statement of law and does not require a response.

8. This paragraph contains a statement of law and does not require a response.

9. This paragraph contains a statement of law and does not require a response.

10. This paragraph contains a statement of law and does not require a response.

11. This paragraph contains a statement of law and does not require a response.

12. This paragraph contains a statement of law and does not require a response.

13. This paragraph contains a statement of law and does not require a response.

14. This paragraph contains a statement of law and does not require a response.

15. This paragraph contains a statement of law and does not require a response.

### *Ms. Sagoo's Background*

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Defendant admits that she worked for PrompTime Healthcare since 2011. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remainder of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

29. Admitted.

### Ms. Sagoo's Relations with Foreign Financial Institutions

30. Admitted.

31. Defendant admits that she was added as an account owner on her parents' jointly held financial accounts at Giro Commercial Bank Limited. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

32. Admitted.

33. Defendant admits that she made financial decisions with respects to the accounts. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

34. Admitted.

35. Admitted.

36. Admitted.

### Ms. Sagoo's Concealment of her Foreign Accounts

37. Admitted.

38. Admitted.

39. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

40. Admitted.

41. Denied.

42. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

43. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

44. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

45. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

46. Admitted.

47. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

48. Admitted.

49. This paragraph contains a statement of law and does not require a response.

50. Admitted.

51. Admitted.

52. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

53. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

54. Denied.

55. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

56. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

57. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

58. Denied.

59. Denied.

### Ms. Sagoo's Failure to Timely File an FBAR Reporting Her Relations with Foreign Financial Institutions

60. This paragraph contains a statement of law and does not require a response.

61. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

62. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

63. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

64. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

65. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

66. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

67. This paragraph contains a statement of law and does not require a response.

68. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

**Ms. Sagoo's Failure to Timely Report her Relations with Foreign Financial Institutions**

69. Defendant incorporates the below responses to this paragraph:

    a. Admitted.

    b. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

70. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

71. Denied.

72. Denied.

73. Defendant admits that she retained an accountant. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

74. Denied.

75. Denied.

**This Action is Timely**

76. This paragraph contains a statement of law and does not require a response.

77. Defendant admits that she consented to extend the statute of limitations to assess penalties for the years at issue until December 31, 2023. Defendant further incorporates the below responses to the remainder of this paragraph:

      a. Admitted.

      b. Admitted.

      c. Admitted.

      d. Admitted.

      e. Admitted.

78. Defendant admits that the IRS's assessment was timely. Defendant denies any and all allegations contained therein.

79. This paragraph contains a statement of law and does not require a response.

80. Admitted.

## COUNT I
### (Judgment for Penalties Under 31 U.S.C. § 5321(a)(5)(C))

81. Defendant incorporates her above responses.

82. Admitted.

83. Admitted.

84. Admitted.

85. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

86. Denied.

87. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

88. Defendant admits that she received notice of the assessment. Defendant denies any and all allegations contained therein.

89. Denied.

90. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

91. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

92. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Defendant denies any and all allegations contained therein.

93. Denied.

## AFFIRMITIVE DEFENSES

1. All alleged incorrect, untimely, or unfiled reporting for the tax years in issue, to the extent incorrect, untimely, or unfiled, are due to reasonable cause, and Defendant acted in good faith. Defendant did not act willfully, recklessly, or with willful neglect.

2. The underlying penalty assessment is invalid as it was assessed in violation of the Seventh Amendment.

3. The underlying penalty assessment is invalid as it constitutes a prohibited *ex post facto* punitive law and assessment.

4. The underlying penalty assessment is invalid because the penalty is authorized only for a violation "of Section 5314" but 31 U.S.C. § 5314 does not impose the obligation to file an FBAR that was allegedly violated.

5. The underlying penalty assessment is invalid as it violates the Eighth Amendment's prohibition against excessive fines.

6. The underlying penalty assessment is invalid as the government imposed the penalty in violation of the Administrative Procedures Act and calculated the penalty in an arbitrary and capricious manner.

7. Plaintiff's suit must be dismissed, as it is not authorized by the statutes that it invokes.

8. Plaintiff's suit is not properly authorized by the Secretary of the Treasury, a predicate to bringing and maintain the suit.

9. The penalty assessment is barred by the statute of limitations.

10. The solicited extensions of the applicable statute of limitations to assess the penalty were not effective. Moreover, even if they were legally effective, such extensions were limited in scope: They only apply to violations of specific requirements "under 31 U.S.C. § 5314."

11. The FBAR regulations imposing reporting obligations and penalties are invalid. Those regulations exceed the underlying statute.

12. The penalty was not calculated correctly or in accordance with the law.

13. The government is estopped from asserting willful penalties because it solicited the reports at issue through a highly publicized program (the "Streamlined Compliance Procedure") that promised a greatly mitigated penalty in exchange for coming forward voluntarily. After Ms. Sagoo utilized that program, the IRS singled Ms. Sagoo out and removed her from the benefits of that program, assessing substantial penalties. Moreover, any alleged evidence obtained from Ms. Sagoo, such as submissions pursuant to the Streamlined Compliance Procedure or interviews should be excluded, as they were obtained in violation of the Fifth Amendment and Ms. Sagoo's constitutional rights.

14. Any alleged evidence obtained from Ms. Sagoo's tax preparer should be excluded, as it is and was privileged. And any alleged evidence obtained based upon any such excludable evidence should likewise be excluded.

15. The assessment of the penalties at issue violates the Due Process Clause of the Fifth Amendment and the guarantee of equal protection of the law.

16. The regulation providing for the obligation to file a FBAR report, 31 CFR § 1010.350, does not itself impose the obligation to file a Form 114, as alleged in the Complaint. (Compl. ¶ 8) (Doc. No. 1). That regulation vaguely requires a "TD-F 90-22.1[] *or any successor form.*" The apparent designation of a "successor form" was not reflected in the regulation or statute and was unilaterally adopted without compliance with the Administrative Procedures Act.

## PRAYER/REQUEST FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Defendant Sharnjeet K. Sagoo respectfully requests that Plaintiff's Complaint be dismissed on the merits, that Plaintiff's requested relief be denied, that Plaintiff take nothing by its lawsuit, that Defendant recover all costs of court expended herein, and for such other and further relief to which the Defendant may be justly entitled.

**Dated: March 12, 2025**                Respectfully submitted,

**FREEMAN LAW, PLLC**

By:   **/s/ Jason B. Freeman**
       JASON B. FREEMAN
       TX Bar No. 24069736
       DEVIN M. HLUDZIK
       TX Bar No. 24138552
       THOMAS L. FAHRING III
       TX Bar No. 24074194

       7011 Main Street
       Frisco, Texas 75034
       (214) 984-3000 [v]
       (214) 984-3409 [f]
       Jason@FreemanLaw.com
       DHludzik@FreemanLaw.com
       TFahring@FreemanLaw.com

       **ATTORNEYS FOR DEFENDANT SHARNJEET K. SAGOO**

## CERTIFICATE OF SERVICE

This is to certify that on **Wednesday,** March 12, 2025, a true and correct copy of the foregoing document was served via electronic filing upon all counsel of record.

               **/s/ Jason B. Freeman**
               JASON B. FREEMAN