IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:24-cv-01159-O |
| v. | ) | |
| | ) | |
| SHARNJEET K. SAGOO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION
TO SHARNJEET K. SAGOO'S MOTION TO DISMISS**

*/s/ Hana Bilicki*
Hana Bilicki
Texas Bar No. 24120718
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-616-2904 (t)
202-514-4963 (f)
Hana.Bilicki@usdoj.gov
*Attorney for the United States of America*

i

## **<u>Table of Contents</u>**

INTRODUCTION ........................................................................................................1

DISCUSSION.............................................................................................................. 2

   I.   Ms. Sagoo has a right to a jury trial in this case. But she waived it.........................2

  II.  Ms. Sagoo violated 31 U.S.C. § 5314 by failing to file an FBAR in 2011, 2012, and 2013. ..........................................................................................................................6

 III.  The penalty calculation is not void under Section 5321(a)(5)..................................9

 IV.  Ms. Sagoo's willful FBAR penalties are not limited to a $100,000 maximum under the BSA. .................................................................................................. 10

  V.  This suit to recover the willful FBAR penalties assessed against Ms. Sagoo is timely................................................................................................................... 12

 VI.  Consideration of the FBAR penalties under the Eighth Amendment Excessive Fines Clause is inappropriate on a motion to dismiss.......................................... 13

CONCLUSION .........................................................................................................15

## Table of Authorities

**Cases**

*Barber v. Thomas,*
 560 U.S. 474 (2010) ........................................................................................... 8

*Bittner v. United States,*
 598 U.S. 85 (2023) ..................................................................................... 6, 7, 8

*Hibbs v. Winn,*
 542 U.S. 88, 100 (2004) ....................................................................................... 3

*Jones v. United States,*
 No. CV 19-04950 JVS, 2020 WL 2803353 (C.D. Cal. May 11, 2020) .......................... 13

*Laing v. United States,*
 423 U.S. 161 (1976) ............................................................................................. 3

*Landa v. United States,*
 153 Fed. Cl. 585 (2021). ................................................................................. 4, 14

*Nat'l Ass'n of Mfrs. v. Dep't of Def.,*
 583 U.S. 109 (2018) ............................................................................................. 8

*Newell Recycling Co., Inc. v. E.P.A.,*
 231 F.3d 204 (5th Cir. 2000)............................................................................... 15

*Norman v. United States,*
 942 F.3d 1111 (Fed. Cir. 2019) ........................................................................... 12

*Ocasio v. United States,*
 578 U.S. 282 (2016)............................................................................................. 8

*Schanzle v. Haberman,*
 831 F. App'x 103 (5th Cir. 2020) ........................................................................ 14

*Securities and Exchange Commission v. Jarkesy,*
 603 U.S. 109 (2024) ................................................................................. 2, 4, 5, 6

*Tull v. United States,*
 481 U.S. 412 (1987).......................................................................................... 3, 5

*United States v. Collins,*
 36 F.4th 487 (3d Cir. 2022)................................................................................... 4

*United States v. Colliot,*
 No. 16-CV-1281-AU-SS, 2018 WL 2271381 (W.D. Tex. May 16, 2018) ................. 11, 15

*United States v. Gaynor,*
 No. 2:21-cv-382-JLB, 2023 WL 5749278 (M.D. Fla. Sep. 6, 2023) ............................ 14

*United States v. Gyetvay,*
 734 F. Supp. 3d 1270 (M.D. Fla. 2024) ................................................................ 10

*United States v. Hansen,*
 599 U.S. 762 (2023)............................................................................................. 3

*United States v. Horowitz,*
 978 F.3d 80 (4th Cir. 2020) ................................................................................ 11

*United States v. Kahn,*
 5 F.4th 167 (2d Cir. 2021).................................................................................. 11

*United States v. Kerr,*
 No. CV-19-05432-PHX-DJH, 2025 U.S. Dist. LEXIS 41216 (D. Az. Mar. 7, 2025) 10, 13

*United States v. Leeds,*
 No. 1:22-cv-00379-AKB, 2025 WL 743996 (D. Idaho Mar. 7, 2025) .......................... 15

*United States v. Mahyari,*
   No. 3:20-cv-01887-IM, 2024 WL 378838 (D. Or. Feb. 1, 2024)................................... 13
*United States v. Miga,*
   No. 4:19-cv-01015-P, 2021 WL 8016223 (N.D. Tex. May 27, 2021)........................... 14
*United States v. Mingqin Xiao,*
   77 F.4th 466 (7th Cir. 2023) ........................................................................................7
*United States v. Rum,*
   995 F.3d 882 (11th Cir. 2021).................................................................................... 12
*United States v. Rund,*
   743 F. Supp. 3d 779 (E.D. Va. 2024)........................................................................ 14
*United States v. Schwarzbaum (Schwarzbaum I),*
   24 F.4th 1355 (11th Cir. 2022) .............................................................................. 4, 13
*United States v. Schwarzbaum (Schwarzbaum II),*
   127 F.4th 259 (11th Cir. 2025) .................................................................................. 14
*United States v. Schwarzbaum,*
   611 F. Supp. 3d 1356 (S.D. Fla. 2020) ........................................................................4
*United States v. Schwarzbaum,*
   No. 18-cv-81147, 2019 WL 3997132 (S.D. Fla., Aug 22, 2019) ................................ 10
*United States v. Toth,*
   33 F.4th 1 (1st Cir. 2022) .................................................................................... 11, 14
*United States v. Wadhan,*
   325 F. Supp. 3d 1136, 1141 (D. Colo. 2018) .............................................................11

**Statutes**

28 U.S.C. § 1346 ................................................................................................................3
28 U.S.C. § 1491 ................................................................................................................3
31 U.S.C. § 3711.................................................................................................................3
31 U.S.C. § 5314 .........................................................................................................passim
31 U.S.C. § 5321 .........................................................................................................passim

**Other Authorities**

I.R.M. 4.26.16.5.5.3 .......................................................................................................... 10

**Rules**

Fed. R. Civ. P. 12.........................................................................................................13, 14
Fed. R. Civ. P. 38 ..............................................................................................................2
Fed. R. Civ. P. 39(b) ..........................................................................................................2

**Regulations**

31 C.F.R. § 1010.306 (2021) ...........................................................................................6, 9
31 C.F.R. § 1010.350.........................................................................................................7
31 C.F.R. § 1010.820 (2010)........................................................................................11, 12
31 C.F.R. § 103.47 (1987)................................................................................................11
31 C.F.R. § 103.57 (1999)................................................................................................11

iv

**Constitutional Provisions**

U.S. Const. amend. VIII ....................................................................................... 13, 14, 15

U.S. Const. amend. VII ............................................................................................ 2, 5, 6

## INTRODUCTION

Sharnjeet K. Sagoo concealed her foreign bank accounts containing over $1.4 million from her accountant for nearly a decade and failed to file an FBAR reporting her interest in those accounts in 2011 through 2013. Ms. Sagoo's motion to dismiss raises no meaningful challenge to the government's well-pleaded complaint to reduce to judgment and collect the civil penalties assessed against Ms. Sagoo for her willful failure to report her financial interest in her foreign bank accounts. Contrary to Ms. Sagoo's arguments, the assessed FBAR penalties are valid. And at this stage in the case, it is premature for the Court to wade into the merits of the IRS's penalty calculation—even more so given that the IRS seeks to recalculate the penalties in further proceedings—without a determination on Ms. Sagoo's willfulness and evidence of the IRS administrative record.

In moving to dismiss, Ms. Sagoo lodges a myriad of arguments, contending: (1) the FBAR penalties are void because they were assessed without a jury trial; (2) 31 U.S.C. § 5314 does not impose a duty to file an FBAR; (3) the penalty calculation was arbitrary and capricious because it did not follow the Bank Secrecy Act ("BSA") or the Internal Revenue Manual ("IRM"); (4) a willful FBAR penalty is capped by at $100,000; (5) the recalculation of assessed FBAR penalties constitutes an untimely new assessment; and (6) the assessed FBAR penalties are excessive under the Eighth Amendment.

Ms. Sagoo's motion should be denied because: (1) Ms. Sagoo has the right to a jury trial for the willful FBAR penalties assessed against her; (2) Ms. Sagoo willfully failed to comply with the duty to file an FBAR under 31 U.S.C. § 5314; (3) the IRS's penalty calculation did not violate the BSA or the IRM; (4) a willful FBAR penalty is not

limited to a $100,000 maximum under the BSA; (5) a recalculation of FBAR penalties does not constitute a new assessment; and (6) consideration of the amount of the penalty under the Eighth Amendment excessive fines clause is premature. But if her motion is granted, the United States requests leave to amend its complaint.

## DISCUSSION

### I.    Ms. Sagoo has a right to a jury trial in this case. But she waived it.

Ms. Sagoo contends that the Court should dismiss this suit because she was not afforded a pre-assessment opportunity to contest the willful FBAR penalties before a jury. In arguing that assessment was void, Ms. Sagoo relies on the Supreme Court's holding in *Securities and Exchange Commission v. Jarkesy,* 603 U.S. 109 (2024).

This argument for dismissal rests on Ms. Sagoo's erroneous conflation of two aspects of an FBAR case. Ms. Sagoo does have a Seventh Amendment right to a jury trial in an FBAR case—in this very case, in fact.[1] She is entitled to a jury of her peers to determine whether she is *liable* for the FBAR penalty in this civil action. But Congress gave the Secretary of the Treasury broad discretion as to the *amount* of her penalty. Ms. Sagoo can seek judicial review of the amount of the penalty—again, in this very case— but she is limited to the Court's review on an abuse of discretion standard. That split standard of review is perfectly consonant with *Jarkesy* and other Supreme Court precedent.

---

[1] Or she *did*, perhaps, given that she did not file a jury demand in her answer or otherwise serve a written jury demand. Fed. R. Civ. P. 38(d); *see also* ECF 15, ¶12 (reporting in joint scheduling report that this matter is set for a non-jury trial). Nevertheless, the United States will not oppose a motion under Rule 39(b) to request a jury trial if Ms. Sagoo promptly files one.

To begin with the statute: Congress gave the Secretary of the Treasury authority to "impose a civil money penalty" on any person who fails to file a required report concerning her relationship with a foreign financial agency. *See* 31 U.S.C. §§ 5321(a)(5)(A), 5314(a).

Under § 5321(b)(1) the Secretary "may assess" the penalty within six years of the triggering event. An assessment, in this context, "is 'essentially a bookkeeping notation.'" *Hibbs v. Winn*, 542 U.S. 88, 100 (2004) (quoting *Laing v. United States*, 423 U.S. 161, 170, n.13 (1976)) (discussing tax assessment); *see also, e.g.*, *United States v. Hansen*, 599 U.S. 762, 774 (2023) (explaining that Congress is presumed to know and adopt the meaning of a term of art when it borrows the term in legislation). The assessment thus reflects the Secretary's determination of a penalty, which can vary in amount from zero to the statutory maximum. *See* §§ 5321(a)(5)(B)(i), (C)(i); *see also* *Tull v. United States*, 481 U.S. 412, 425-26 (1987) (considering whether a district court judge or jury must "assess" civil penalties under the Clean Water Act).

Upon assessment, FBAR penalties become a nontax debt to the United States. Once that debt has been delinquent for more than 180 days, the Secretary may refer the debt to an executive agency to take appropriate collection action. *See* 31 U.S.C. § 3711(g)(1), (4). One possible collection action is referral to the Department of Justice for litigation. *Id*. § 3711(g)(4)(C); *see also* § 5321(b)(2) (the Secretary "may commence a civil action to recover a civil penalty assessed under subsection (a)."). If the FBAR penalties are paid to the United States—be it voluntarily or by offset or other collection avenues—the U.S. person may pursue an illegal exaction claim against the government under the Little Tucker Act and the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1),

provided that the person's liability was not previously litigated. *See, e.g., Landa v. United States*, 153 Fed. Cl. 585, 592 (2021).

In this action to recover the penalties assessed, Ms. Sagoo has the right to a jury trial regarding her liability for the penalties. The jury will determine "de novo and without regard to the factual and legal analysis used by the IRS at the administrative level" whether Ms. Sagoo's failure to file FBARs was willful. *United States v. Schwarzbaum*, 611 F. Supp. 3d 1356, 1372 n.3 (S.D. Fla. 2020) (referring to prior decision). This de novo determination by a jury of her peers puts to rest "any doubts concerning the constitutionality" of the IRS's power to assess an FBAR penalty. *Jarkesy*, 603 U.S. at 156 (Gorsuch, J., concurring) (citation and internal quotations omitted). Indeed, unlike in *Jarkesy*, there is not risk of forum shopping between an in-house proceeding or an action in federal court to assess the penalties. The IRS, as provided by statute, assessed the FBAR penalties. Then, in this judicial proceeding to collect those penalties, Ms. Sagoo had the right to demand a jury trial—which she has waived—for a jury to find *de novo* the facts pertinent to her liability. *See* 603 U.S. at 120 (majority op.).

If in this civil action Ms. Sagoo is found liable, the Court will have the opportunity to review the Secretary's determination of the penalty amount under the familiar standards in the Administrative Procedure Act. *See, e.g.*, *United States v. Schwarzbaum* (*Schwarzbaum I*), 24 F.4th 1355, 1363 (11th Cir. 2022); *United States v. Collins*, 36 F.4th 487, 493 (3d Cir. 2022). And to the extent a remand for recalculation of the penalty amount is appropriate, such recalculation is not a new assessment. *See infra* Section V (discussing recalculation of FBAR penalty).

This split standard of review is consistent with Supreme Court precedent. In *Tull*, the Court held that a jury need determine only liability, not the amount. 481 U.S. at 425–426. This holding draws on the text of the Seventh Amendment, which "is silent on the question whether a jury must determine the remedy in a trial in which it must determine liability." 481 U.S. at 425-26; *see also id.* at 426 n.9. Thus, "Congress' assignment of the determination of the amount of civil penalties to trial judges . . . does not infringe on the constitutional right to a jury trial. Since Congress itself may fix the civil penalties, it may delegate that determination to trial judges." *Id.* at 426-27. Likewise, Congress can delegate the selection of the penalty amount to an administrative agency because "determination of a civil penalty is not an essential function of a jury trial, and ... the Seventh Amendment does not require a jury trial for that purpose in a civil action." *See id.* at 427.

Ms. Sagoo's reliance on *Jarkesy* is misplaced, and at best, she appears to read incorrectly into *Jarkesy* the temporal requirement that a penalty may not be assessed absent a jury trial. But *Jarkesy* involved a "straightforward question: whether the Seventh Amendment entitles a defendant to a jury trial when the SEC seeks civil penalties against him for securities fraud." 603 U.S. at 120. The case presented a challenge to a statute authorizing the SEC to bring an enforcement action to impose civil fraud penalties in an Article III court or before an in-house administrative law judge. *Id.* at 119-20. And, importantly, because the SEC unilaterally chose to bring its enforcement action before its own in-house administrative law judge, Mr. Jarkesy was *never* afforded the guarantees of an Article III court or the opportunity to have his liability for civil fraud penalties determined by a jury. *Id.*

Ms. Sagoo, on the other hand, is entitled to a jury trial for the civil penalties that the IRS assessed against her, and she is afforded the guarantees of an Article III court. In this suit to reduce to judgment the willful FBAR penalties assessed against her, the determination of whether Ms. Sagoo willfully violated her FBAR reporting requirement will be made *de novo* without any weight given to the IRS's prior findings. Accordingly, unlike in *Jarkesy,* if Ms. Sagoo had not waived her right to a jury trial in this case, the "jury could have found the facts pertinent to … [her] liability." *Jarkesy,* 603 U.S. at 120.

In sum, the Seventh Amendment is not offended here because Ms. Sagoo has access to a jury trial to determine *de novo* her liability for the willful FBAR penalties assessed against her. And even so, she nevertheless elected to forego a jury trial in this case. FBAR penalties are not void under *Jarkesy* because they are not subject to a pre-assessment jury trial.

## II. Ms. Sagoo violated 31 U.S.C. § 5314 by failing to file an FBAR in 2011, 2012, and 2013.

Ms. Sagoo argues that 31 U.S.C. § 5314 does not impose an obligation to file an FBAR, and thus the penalties assessed against her under § 5321(a)(5) for failing to file an FBAR for 2011 through 2013 are invalid. But she is wrong.

As the Supreme Court explained in *Bittner v. United States,* "the BSA simply requires those who possess foreign accounts with an aggregate balance of more than $10,000 to file an annual report on a form known as an 'FBAR'—the Report of Foreign Bank and Financial Accounts." *Bittner v. United States,* 598 U.S. 85, 89 (2023); 31 C.F.R. § 1010.306 (2021). Section 5314 "delineates an individual's legal duties under the BSA" and Section 5321 "outlines the penalties that follow for failing to discharge those duties." *Id.* at 92.

6

Starting with Section 5314, it "provides that the Secretary of the Treasury 'shall' require certain persons to 'to keep records, file reports, or keep records and file reports,' when they 'make[] a transaction or maintain[] a relation' with a 'foreign financial agency.'" *Id*. at 92 quoting 31 U.S.C. § 5314).[2]

Contrary to Ms. Sagoo's argument that Section 5314 "does not set forth specific reporting requirements," the statute identifies four categories of identifying information that the report must contain. Indeed, as the Supreme Court explained, "[w]hen it comes to the duty to file reports . . . the statute says that reports 'shall contain' information about 'the identity and address of participants in a transaction or relations,' 'the legal capacity in which a participant is acting,' and 'the identity of real parties in interest,' along with a 'description of the transaction.'" *Id*. at 92-93 (quoting 31 U.S.C. § 5314(a)(1)-(4)).

Further, Section 5314 directs the Secretary to prescribe "the way and . . . the extent" to which reports must be filed. 31 U.S.C. § 5314(a). And the Secretary prescribed the FBAR as the way the reports containing the four categories of identifying information must be filed. 31 C.F.R. § 1010.350(a).

According to the Complaint, Ms. Sagoo possessed foreign accounts with an aggregate balance of more than $10,000 in 2011 through 2013, but she did not file reports of those accounts for each year. ECF 1, ¶69. Thus, as alleged, by failing to file an

---

[2] Ms. Sagoo argues that the BSA does not require reporting "where there is no transaction made and where an account is held directly." ECF 8, at 7. She ignores the plain text of Section 5314 requiring a report where a person "makes a transaction *or* maintains a relation for *any person* with a foreign financial agency." 31 U.S.C. § 5314(a) (emphasis added). It defies logic that "any person" does not include oneself. *See United States v. Mingqin Xiao,* 77 F.4th 466, 475 (7th Cir. 2023) (explaining the "phrase 'for any person' certainly includes the owner of the bank account").

FBAR—the Secretary's prescribed mechanism by which U.S. persons must report their relations with foreign financial institutions—Ms. Sagoo violated Section 5314 of the BSA.

Turning to Section 5321(a)(5), the statute provides that "[t]he Secretary of Treasury may impose a civil money penalty on any person who violates, or causes any violation of, *any provision* of section 5314." *Bittner,* 598 U.S. at 105 (quoting 31 U.S.C. § 5321(a)(5)) (emphasis added). Because Ms. Sagoo violated Section 5314 by failing to file FBARs for 2011 through 2013, the IRS properly assessed penalties against her under Section 5321(a)(5). Though Ms. Sagoo attempts to invoke the rule of lenity, even if the rule applied to a purely civil penalty,[3] it would not apply to Section 5321(a)(5) because the statute is not ambiguous, let alone so "grievous[ly]" ambiguous as to call the rule into play. *See Ocasio v. United States*, 578 U.S. 282, 295, n.8 (2016); *Barber v. Thomas*, 560 U.S. 474, 488 (2010). To the contrary, as the Supreme Court in *Bittner* readily recognized, the failure to file an FBAR is plainly a violation of 5314 subject to penalty under 5321(a)(5). *Bittner*, 598 U.S. at 92-93.

Indeed, if Ms. Sagoo were correct that a failure to file an FBAR is not a violation of Section 5314, it would render Section 5321(a)(5) meaningless—and indeed Section 5314 itself, because the Secretary would have no way to compel compliance. *See, e.g., Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 128 (2018) ("Absent clear evidence that Congress intended this surplusage, the Court rejects an interpretation of the statute that would render an entire subparagraph meaningless.").

---

[3] The rule of lenity was discussed in Part II-C of the *Bittner* decision, which was authored by Justice Gorsuch and joined in full by Justice Jackson only. Justices Roberts, Alito, and Kavanaugh joined in the judgment of the Court, except for Part II-C. With only two justices joining, *Bittner*'s discussion of the rule of lenity is nothing more than non-binding dicta.

The willful FBAR penalties assessed against Ms. Sagoo for her willful failure to file FBARs in 2011 through 2013 are valid under Section 5321(a)(5).

### III.    The penalty calculation is not void under Section 5321(a)(5).

In this action, the government properly seeks a judgment against Ms. Sagoo finding that she is liable for willful FBAR penalties for her failure to timely report her foreign accounts for 2011 through 2013, in an amount that will be determined after further proceedings.[4] As explained in the Complaint, the IRS identified possible computational issues that may require the IRS to recalculate the assessed penalties. ECF 1, ¶90. Accordingly, the IRS's prior calculation of the amount of the FBAR penalty is presently of no moment.

Ms. Sagoo misconstrues paragraph 69 of the Complaint in arguing that the IRS calculated the penalty upon the "highest balance of Ms. Sagoo's accounts for each year." ECF 8, at 8. Paragraph 69 makes no mention of the penalty calculation; it merely details for 2011 through 2013 the total highest balance for Ms. Sagoo's foreign financial accounts that she maintained an interest in—$1.4 million, $1.5 million, and $1.8 million, respectively—but failed to report on an FBAR. ECF 1, at ¶ 69. The highest balance during the year is relevant because it demonstrates that Ms. Sagoo was required to file the FBAR. *See* 31 C.F.R. § 1010.306(c). And while Ms. Sagoo is correct that when calculating a willful FBAR penalty, the "time of the violation" means June 30 of the following year, she ignores that where a June 30 account statement is unavailable, "the proper IRM protocol [is] to use available information, including the balance in the

---

[4] *See infra* Section V (discussing recalculation of penalties in FBAR cases).

account on a date other than June 30th" to estimate the balance on that date.[5] *United States v. Kerr,* No. CV-19-05432-PHX-DJH, 2025 U.S. Dist. LEXIS 41216, at * 14 (D. Az. Mar. 7, 2025) (citing I.R.M. 4.26.16.5.5.3 (8)).

At the motion to dismiss stage, the government has sufficiently alleged facts to state a plausible claim for willful FBAR violations. And to the extent Ms. Sagoo contends that the calculation of the willful FBAR penalties at issue was arbitrary and capricious under the Administrative Procedure Act, this argument is a defense, not a basis for dismissal. Without the benefit of the administrative record—and a determination on Ms. Sagoo's willfulness, which could foreclose consideration of the penalty calculation altogether—the Court should take the allegations as true and not wade into the merits of an APA claim. *See United States v. Gyetvay,* 734 F. Supp. 3d 1270, 1280 (M.D. Fla. 2024) ("Because the Court does not have before it the administrative record regarding the IRS's decision-making process for its FBAR penalty calculation at the motion to dismiss stage, the Court declines to address this argument at this time."); *United States v. Schwarzbaum,* No. 18-cv-81147, 2019 WL 3997132, at *4 (S.D. Fla., Aug. 22, 2019) (explaining the determination of whether the FBAR violations were willful "is a necessary first step to consideration of any other issues," including whether the FBAR penalties violated the APA).

## IV.    Ms. Sagoo's willful FBAR penalties are not limited to a $100,000 maximum under the BSA.

Ms. Sagoo also argues that the penalty calculation was arbitrary and capricious because it exceeds "then-existing penalty limitations."

---

[5] Not to mention the government's access to the June 30 account statements would be in Ms. Sagoo's control as the account holder.

In 2004, Congress amended 31 U.S.C. § 5321, and in doing so, increased the maximum civil penalty for willful FBAR violations (for each account) from $100,000 to the greater of $100,000 or 50 percent of the account balance. The Secretary did not amend a 1987 regulation, which had capped the penalty at $100,000 and parroted the prior statutory maximum, to reflect the increased statutory maximum. 31 C.F.R. § 103.47(g)(2) (1987), renumbered as 31 C.F.R. § 103.57(g)(2) (1999), renumbered as 31 C.F.R. § 1010.820(g) (2010). But when Congress amended § 5321 to permit the IRS to impose a willful FBAR penalty in excess of $100,000, "the 1987 regulation was superseded because the regulation -- as merely a regulation parroting a then-operative statutory maximum -- could have no effect once a new statutory maximum had been set." *United States v. Toth,* 33 F.4th 1, 11 (1st Cir. 2022). In arguing to the contrary, Ms. Sagoo relies on one district court case from 2018. *United States v. Colliot,* No. 16-CV-1281-AU-SS, 2018 WL 2271381 (W.D. Tex. May 16, 2018).[6]

But Ms. Sagoo fails to mention the consensus of every circuit court that has since considered this issue and found that "the regulation in question does not limit the IRS's ability to impose the statutory maximum penalty against [a U.S. person] because the statutory amendments that increased the maximum amount for a civil penalty for a willful failure to file an FBAR from the $100,000 amount to the present one superseded the regulation." *See Toth,* 33 F.4th at 11 (citing *United States v. Kahn,* 5 F.4th 167, 175 (2d Cir. 2021); *United States v. Horowitz*, 978 F.3d 80, 90-91 (4th Cir. 2020); *United*

---

[6] The only other court to adopt this reasoning is the District of Colorado in *United States v. Wadhan,* which also predated the circuit court opinions. 325 F. Supp. 3d 1136, 1141 (D. Colo. 2018).

*States v. Rum*, 995 F.3d 882, 892 (11th Cir. 2021); *Norman v. United States*, 942 F.3d 1111, 1117 (Fed. Cir. 2019)).

As the majority of courts have found, the clear text of the statute increased the maximum penalty, and in doing so superseded both the prior statutory maximum and the portion of § 1010.820(g)(2) repeating the prior statutory language. The Court should not entertain Ms. Sagoo's attempt to use an obsolete regulation to evade the congressional mandated consequences of her actions.

## V.    This suit to recover the willful FBAR penalties assessed against Ms. Sagoo is timely.

The United States brought this civil action under 31 U.S.C.§ 5321(b)(2) to recover the FBAR penalties that were timely assessed against Ms. Sagoo for her failure to file an FBAR in 2011, 2012, and 2013. In the Complaint, the United States acknowledged that because the assessed penalty amounts may need to be recalculated, the government seeks judgment against Ms. Sagoo finding that she is liable for the willful FBAR penalties, but that the matter may need to be remanded to the IRS.

Ms. Sagoo admits that the FBAR penalties at issue were timely assessed against her. *See* ECF 9, ¶78 ("Defendant admits that the IRS's assessment was timely."). However, without citing any authority, Ms. Sagoo contends that the Court lacks subject matter jurisdiction because a recalculation of the timely assessed FBAR penalties constitutes a new assessment of a different penalty and is thus time-barred by the six-year assessment statute of limitations imposed by § 5321(b)(1).

Ms. Sagoo is mistaken. When a court remands an FBAR penalty for recalculation, it is not the imposition of a new penalty—it merely provides for the adjustment of the amount of the penalty that was already assessed. *See Kerr,* 2025 U.S. Dist. LEXIS 41216,

at *18 ("[O]n a remand for a recalculation, the I.R.S. is not reassessing anything. The IRS is simply performing a recalculation. … Defendant's arguments that the statute of limitations for a civil action has expired lacks merit given that the recalculations are not subject to the same rules as assessments."); *Jones v. United States*, No. CV 19-04950 JVS, 2020 WL 2803353, at *8 (C.D. Cal. May 11, 2020) ("If the Court remands to the IRS this would not be a new assessment of penalties, but rather a recalculation of the initial penalty based upon an upheld finding of willfulness.").

Indeed, the Eleventh Circuit *Schwarzbaum I* opinion upon which Ms. Sagoo relies on in other areas of her brief addresses this point, holding—"[t]he remand we now direct is not for the IRS to issue new penalties, but for it to recalculate the penalties it has already assessed." *Schwarzbaum I,* 24 F. 4th at 1355 (affirming district court's determination of willfulness and remanding to the IRS for recalculation); *see also United States v. Mahyari*, No. 3:20-cv-01887-IM, 2024 WL 378838 (D. Or. Feb. 1, 2024) (following the same procedural approach in reviewing remanded willful FBAR penalties for recalculation).

The government's suit is timely, and its request for the Court to determine Ms. Sagoo's liability for willful FBAR penalties and then remand for recalculation in further IRS proceedings is appropriate.

## VI. Consideration of the FBAR penalties under the Eighth Amendment Excessive Fines Clause is inappropriate on a motion to dismiss.

Ms. Sagoo appears to argue for dismissal of the government's claim because the assessed FBAR penalties do not comport with the Eighth Amendment Excessive Fines Clause. Setting aside that this is not a proper basis under Fed. R. Civ. P. 12 for dismissal of the government's case, this argument is premature and cannot be decided until the

Court first determines willfulness and remands the penalties for recalculation. *See United States v. Gaynor,* No. 2:21-cv-382-JLB, 2023 WL 5749278, at *9 (M.D. Fla. Sep. 6, 2023) (declining to find that the FBAR penalty is a fine subject to the Eighth Amendment and explaining that the determination of whether the FBAR penalty was excessive would be considered "after the Court adjudicates the calculation of the FBAR penalty should the jury find willfulness"); *cf. Schanzle v. Haberman,* 831 F. App'x 103, 108 (5th Cir. 2020) ("[C]hallenges under the Excessive Fines Clause are not ripe before a 'final forfeiture order or judgment has been entered.'"). Indeed, none of the cases Ms. Sagoo cites in support of her argument considered this issue on a motion to dismiss under Rule 12.

Nevertheless, even if this issue was properly before the Court—and it is not—Ms. Sagoo's argument would fail because the civil penalties assessed against her are not punitive penalties and thus not subject to the Eighth Amendment Excessive Fines Clause. *See Toth,* 33 F.4th at 19 ("[A] civil penalty imposed under § 5321(a)(5)(C)–(D) is not a 'fine' and as such the Excessive Fines Clause of the Eighth Amendment does not apply to it."); *see also*, *United States v. Rund*, 743 F. Supp. 3d 779, 794 (E.D. Va. 2024), appeal docketed, No. 24-1958 (4th Cir. Oct. 3, 2024); *Landa*, 153 Fed. Cl. at 601 ; *United States v. Miga*, No. 4:19-cv-01015-P, 2021 WL 8016223, at *2 (N.D. Tex. May 27, 2021); *but see United States v. Schwarzbaum* (*Schwarzbaum II)*, 127 F.4th 259, 274 (11th Cir. 2025) (finding willful FBAR penalties excessive  under the Eighth Amendment where the assessed penalty was six to eight times greater than the maximum balance of the account).

This Court should find that FBAR penalties do not constitute "fines" under the Eighth Amendment, just as another district court in the Northern District of Texas

14

concluded in *Miga.* 2021 WL 8016223, at *2. And, even if the penalties were "fines" under the Eighth Amendment, they would not be excessive to the extent they do not exceed the limits provided by the authorizing statute. *See id.* (citing *Newell Recycling Co., Inc. v. E.P.A.*, 231 F.3d 204 (5th Cir. 2000)).

Ms. Sagoo's bold contention that "there has been no other case in which the government has assessed three consecutive years of FBAR penalties for failing to report the same accounts," is irrelevant and incorrect. Indeed, even cases Ms. Sagoo relies on in her brief contradict this assertion. *See Colliot,* 2018 WL 2271381 (willful FBAR suit involving penalties assessed for same account for three years, among others); *United States v. Leeds,* No. 1:22-cv-00379-AKB, 2025 WL 743996 (D. Idaho Mar. 7, 2025) (granting summary judgment for the United States against the defendant estate for willful FBAR penalties assessed for the same accounts for 2006 – 2012 and finding that the penalties were not grossly disproportionate under the Eighth Amendment as to deceased husband).

## CONCLUSION

Ms. Sagoo's numerous meritless and premature arguments sow confusion at the motion to dismiss stage. And tellingly, her motion is silent as to the Complaint's detailed allegations of her willful violation of the duty to file FBARs for foreign bank accounts, holding over $1.4 million, in 2011 through 2013. Her motion should be denied.

Respectfully submitted,


*/s/ Hana Bilicki*
Hana Bilicki
Texas Bar No. 24120718
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-616-2904 (t)
202-514-4963 (f)
Hana.Bilicki@usdoj.gov

Date: April 23, 2025

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 23, 2025, I filed the foregoing document by electronic means on all counsel who have entered an appearance in this action through the Court's ECF system, including the following:

> Jason B. Freeman
> Freeman Law, PLLC
> 7011 Main Street
> Frisco, TX 75034
> 214-984-3410
> jason@freemanlaw.com

> /s/Hana C. Bilicki
> Hana C. Bilicki
> Trial Attorney, Tax Division